UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

BILLY BURSON,

    Petitioner,

V.

MICHAEL SEPANEK, Warden,

    Respondent.

Civil No. 7: 16-11-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Billy Burson is an inmate formerly incarcerated at the federal penitentiary in Inez, Kentucky. Burson has filed a petition for a writ of habeas corpus claiming that the Bureau of Prisons ("BOP") did not credit his federal sentence with all of the time he spent in jail starting on the day he was arrested by Tennessee police. [R. 1]

On July 19, 2009, Burson had been pulled over in Chattanooga, Tennessee for a minor traffic violation when the police officer found a loaded gun wedged in between the console and the driver's seat. Burson was arrested on state charges for driving on a revoked license, possessing drug paraphernalia and unlawful possession of a firearm. He was released on bond the next day, but the day after that he was arrested again, this time for aggravated assault and attempted first degree murder. [R. 12 at 2-3] He was kept in state custody for those charges.

Burson had been convicted of misdemeanor domestic violence the year before, so his possession of the gun also violated 18 U.S.C. § 922(g)(9). A federal grand jury indicted him for that offense, Burson pled guilty, and in February 2010 he was sentenced to a 36-month prison term. *United States v. Burson*, No. 1:09-CR-145 (E.D. Tenn. 2009).

1

Burson was still facing the state charges, so in March 2010 he was returned to state custody. On March 7, 2011, Burson was sentenced to six years in prison for his state crimes to run consecutively to his federal sentence. He was also expressly given credit against that state sentence for all of the time he spent in jail, starting on July 22, 2009 and ending on March 6, 2011. [R. 12-1 at 23-24, 30] Burson was transferred to state prison to serve that sentence, and a federal detainer was lodged with state officials. Burson completed his state sentence on November 25, 2014, and he was then transferred to BOP custody to serve his 36-month federal sentence. [R. 12 at 3]

When Burson learned that the BOP was not crediting his federal sentence with the time he spent in pretrial custody from 2009 to 2011, he filed an inmate grievance claiming that he was entitled to this credit pursuant to *Willis v. United States*, 438 F. 2d 923, 925 (5th Cir. 1971). The BOP's the Mid-Atlantic Regional Office denied his appeal on July 16, 2015 as contrary to 18 U.S.C. § 3585(b), but forwarded his grievance to its Designation and Sentence Computation Center to see if there were other credits to which he might be entitled. Three months later on October 20, 2015, Burson appealed to the BOP's Central Office, asserting that he was unable to appeal earlier because the prison had been on lockdown. The Central office denied his appeal as untimely, but offered him the chance to provide staff verification that the delay in filing his appeal was not his fault. [R. 1-1 at 2-8] Burson did not attempt to comply. [R. 12 at 6]

In his petition, Burson states without explanation that the BOP should have given him credit against his federal sentence from the date of his arrest on July 19, 2009 pursuant to *Willis v. United States*, 438 F. 2d 923, 925 (5th Cir. 1971) and *United States v. Haney*, 711 F. 2d 113 (8th Cir. 1983). He also cites *Barden v. Keohane*, 921 F. 2d 476 (3d Cir. 1990), as possible grounds for relief. [R. 1 at 7] The BOP counters that Burson failed to properly exhaust his administrative

remedies and that the additional credits he seeks are barred by 18 U.S.C. § 3585(b). [R. 12 at 6-14]

The BOP is right in both respects. Before an inmate can seek habeas relief in federal court, he must invoke and exhaust administrative remedies available within the prison. *Fazzini v. Northeast Ohio. Corr. Center*, 473 F.3d 229, 232 (6th Cir. 2006). He must also do so "properly" by fully complying with the agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). If a prisoner's grievance or appeal is rejected on procedural grounds and he is afforded the opportunity to cure the defect that led to the rejection, the prisoner must avail himself of that opportunity: he may not abandon further efforts at compliance. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("An inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so."). This is precisely what Burson did: his Central Office appeal was filed two months too late, and he declined the Central Office's invitation to substantiate his claim that a prison lockdown caused the delay. [R. 12-1 at 4] Burson failed to exhaust his administrative remedies when he abandoned the grievance process, and his petition will therefore be denied. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032-33 (10th Cir. 2002) (inmate failed to exhaust administrative remedies when he failed to cure the deficiency which led the prison to reject grievance appeal).

Burson is also plainly not entitled to any additional prior custody credits. 18 U.S.C. § 3585(b) directs the BOP to award an inmate credit for time he spent in custody before his sentence was imposed, but only if that time was not credited against another sentence. The statute thus prohibits "double counting" jail time against both a state sentence and a federal sentence. *United States v. Wilson*, 503 U.S. 329, 337 (1992); *Broadwater v. Sanders*, 59 F. App'x 112, 113-

14 (6th Cir. 2003); *Nguyen v. Department of Justice*, 173 F. 3d 429 (6th Cir. 1999). The time he spent in jail from July 22, 2009 to March 6, 2011 was credited against his state sentence, and he may not obtain credit for the same time against his federal sentence as well.

Burson's attempt to invoke *Willis* and *Haney* for relief is likewise misplaced. Both of these cases held that a state prisoner who could demonstrate that he was denied release on bail because of a federal detainer was entitled to credit against his federal sentence for that time. *Willis*, 438 F.2d at 925; *Haney*, 711 at 114-15. But both decisions were decided under 18 U.S.C. § 3568, the predecessor statute of Section 3585(b). While the former statute by its terms permitted double counting, Congress repealed that law and replaced it with Section 3585(b), which expressly prohibits double counting. See *Elwell v. Fisher*, 716 F. 3d 477, 485 (8th Cir. 2013). *Willis* and *Haney* have therefore been superseded by statute and cannot assist Burson.

Finally, although Burson did not seek this relief in his grievances, the BOP considered whether he might be entitled to a retroactive designation under *Barden*. However, the remedy fashioned in *Barden* can only apply where a state court orders that its sentence shall run concurrently with a previously-imposed federal sentence on the mistaken assumption that the federal sentence commenced upon imposition, a result precluded by 18 U.S.C. § 3585(a). Cf. *Dunlap v. Ives*, No. 11-271-GFVT, 2012 WL 1711379, at *2-3 (E.D. Ky. May 15, 2012). In this case, the state court ordered Burson's sentence to run *consecutively* to his federal sentence, not concurrently with it, and therefore the BOP correctly concluded that the harm *Barden* seeks to avert simply does not apply. [R. 12-1 at 43]

4

Accordingly, **IT IS ORDERED** that:

1. The Clerk of the Court shall update the docket to reflect Burson's current mailing address is:

RRM Nashville
Residential Reentry Office
701 Broadway Street, Suite 124
Nashville, TN 37203

2. Petitioner Billy Burson's petition for a writ of habeas corpus, [R. 1] is **DENIED**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. Judgment shall be entered contemporaneously with this Order.

Dated June 5, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY